IN THE CIRCUIT COURT OF THE FIFTH
JUDICIAL CIRCUIT, IN AND FOR
MARION COUNTY, FLORIDA

RUSSELL LORTS, JR., CYNTHIA K.
JENCKS, and MARIA R. SACHS,

Case No. _____

      Plaintiffs,

v.

JOHN STEPHEN LORTS, and
COLLEEN LORTS,

      Defendants.

_____/

## COMPLAINT

Plaintiffs, Russell Lorts, Jr., Cynthia K. Jencks, and Maria R. Sachs, by and through their

undersigned attorneys, hereby sue Defendants, John Stephen Lorts and Colleen Lorts, and state

as follows:

### Parties, Jurisdiction and Venue

1.      On August 24, 2020, Anna R. Lorts ("Decedent") died at age 95 a resident of

Marion County, Florida.

2.      Plaintiff Russell Lorts, Jr. ("Russell Jr.") resides outside the state of Florida.

3.      Plaintiff Cynthia K. Jencks ("Cynthia") resides outside the state of Florida.

4.      Plaintiff Maria R. Sachs ("Maria") is a resident of Palm Beach County, Florida.

5.      Defendant, John Stephen Lorts ("John") resides outside the state of Florida.

6.      Defendant, Colleen Lorts ("Colleen") resides outside the state of Florida.

7.      This is an action for quiet title pursuant to chapter 65, Florida Statutes, concerning

real property valued in excess of thirty thousand dollars ($30,000), exclusive of interest, costs

and attorneys' fees, and for an accounting.

03020952.v1

8.      Venue is proper in Marion County, Florida, where the subject real property is located.

## General Allegations

9.      On February 14, 2013, Decedent executed her Last Will and Testament ("Will"), appointing daughters Maria and Cynthia as co-personal representatives and devising her tangible personal property to her four children in substantially equal shares, with the residue pouring over to the Anna R. Lorts Trust.

10.     The Anna R. Lorts Trust dated February 14, 2013 ("Revocable Trust") named Maria and Cynthia as successor co-trustees, made a few specific bequests, and distributed the balance of the trust estate 50% to Cynthia, and 50% to John, Maria and Russell Jr.

11.     On or around March 29, 2013, Decedent executed the First Amendment to the Revocable Trust to place Cynthia's 50% share in a continuing trust, and also executed the Anna R. Lorts Irrevocable Trust Agreement, naming Maria and Cynthia as co-trustees.

12.     On or around July 26, 2013, Decedent executed a Durable Power of Attorney naming Maria and Cynthia her agents to act on her behalf.

13.     As the years passed, Decedent's mental faculties were diminishing.

14.     On October 1, 2016, John procured a new Durable Power of Attorney ("DPOA") in which he was named the only agent to act on behalf of Decedent.

15.     On March 12, 2019, John procured a Quitclaim Deed to Decedent's home at 7112 SE 172nd Hazelwood Loop, The Villages, Florida 32162 (the "Property"), by an instrument stating on its face that it was prepared by the Decedent, purportedly transferring all her interest in the Property to John, and recorded at OR BK 6948, Pgs 580-581 (the "2019 Quitclaim Deed").

16.     Upon information and belief, Decedent did not prepare the 2019 Quitclaim Deed.

2

O3020952.v1

She was nearly 94 years old on that date, lacked testamentary capacity, and would not have drafted a real estate document even if she had possessed the requisite capacity.  She did not have the capacity to execute the instrument and understand what she was executing and delivering.

17.    The 2019 Quitclaim Deed is invalid for lack of capacity, undue influence, or otherwise having been wrongly procured pursuant to the DPOA, which itself may be invalid.

18.    On August 24, 2020, Decedent died at age 95.

19.    John asserts control over the Property.

20.    All conditions precedent to the relief requested herein have been performed, have occurred or have been waived.

21.    Plaintiffs challenge the exercise of John's authority as agent under the DPOA, as well as its validity, and request recovery of their attorneys' fees and costs pursuant to section 709.2116(3), Florida Statutes and Florida law.

**COUNT I**
**Quiet Title**

22.    Plaintiffs re-allege and incorporate herein paragraphs 1-21 above.

23.    On or about August 27, 2004, the original grantor conveyed the Property to Decedent, her husband, John and Maria, as joint tenants with full rights of survivorship.  A true and correct copy of the 2004 Warranty Deed is attached hereto as Exhibit "A."

24.    The Property has the following legal description:

> PARCEL ID#: 6763-044-000
>
> Lot 44, Villages of Marion Unit No. 63, according to the plat thereof as recorded in Plat Book 7, Pages 77 through 80, of the Public Records of Marion County, Florida.

25.    In 2005, Decedent's husband died, after which the Property was owed 1/3 by Decedent, Maria, and John, as joint tenants with right of survivorship.

O3020952.v1

26.     On or around November 15, 2011, Decedent executed a Warranty Deed purporting to convey her interest, along with John's and Maria's, to her trust created the same date ("Deed to Trust"), but it was not signed by all grantors, nor delivered to the grantee and recorded.  If the Deed to Trust was invalid, then the Property was still owned 1/3 by Decedent, John and Maria.  A true and correct copy of the Deed to Trust is attached as Exhibit "B."

27.     On or around June 10, 2015, John prepared and executed a Quitclaim Deed of his interest in the Property as "John S. Lorts, a married man," to Decedent, which was recorded at OR BK 6259 PGS 1866-18678.  After the conveyance, the Property was owned 1/3 by Decedent as a tenant in common, and Decedent and Maria owned 2/3 as joint tenants with rights of survivorship.  A true and correct copy of the Quitclaim Deed is attached as Exhibit "C."

28.     On October 1, 2016, John procured the DPOA in which he was named the only agent to act on behalf of Decedent.  A true and correct copy of the DPOA is attached as Exhibit "D."

29.     On or around March 12, 2019, Decedent executed the 2019 Quitclaim Deed which states it was "prepared by" Decedent, purportedly conveying her entire interest in the Property to John, as "John Stephen Lorts, a married man," which was recorded at OR BK 6948 PGS 580-581.  A true and correct copy of the 2019 Quitclaim Deed is attached as Exhibit "E."

30.     The 2019 Quitclaim Deed is invalid for lack of capacity, undue influence, or otherwise potentially having been wrongly procured in connection with the DPOA, which itself may not be valid.  Accordingly, the Property was still owned 1/3 by Decedent as a tenant in common, and Decedent and Maria owned 2/3 as joint tenants with rights of survivorship.

31.     On August 24, 2020, Decedent died.  The Property is now owned 2/3 by Maria and 1/3 by the Decedent's heirs under her Will and Revocable Trust (1/2 for Cynthia in

4

continuing trust, and 1/6 each for Russell Jr., Maria and John).

WHEREFORE, Plaintiffs, Russell Lorts, Jr., Cynthia K. Jencks, and Maria R. Sachs, request that this Court enter a judgment determining that the Property is owned 2/3 by Maria and 1/3 by the Decedent's heirs under her Will and Revocable Trust, in fee simple, free, clear and discharged from operation and effect of the Deed to Trust and the 2019 Quitclaim Deed, and that any adverse claims to the title of the Property by Defendant, John Stephen Lorts, by virtue of his Durable Power of Attorney or otherwise, be declared null and void (except for any interest as an heir or a beneficiary under the Revocable Trust), as well as any adverse claims by Colleen Lorts, if she claims an interest by virtue of language on the deeds referring to John as "a married man," and that all right, title and interest of Defendants and those parties claiming by, through, under or against Defendants be forever quieted and confirmed as set forth herein, and granting such further and additional relief as this cause or justice may require.

### COUNT II
**Accounting**

32.     Plaintiffs re-allege and incorporate herein paragraphs 1-21 above.

33.     This is a count for an accounting of actions taken by John with respect to the Decedent's finances, including, but not limited, to those taken pursuant to the DPOA.

34.     The parties share a fiduciary relationship or entered into complex transactions.

35.     A remedy at law is inadequate, and section 709.2116(1), Florida Statutes, allows a court to "construe or enforce a power of attorney, review the agent's conduct, terminate the agent's authority, remove the agent, and grant other appropriate relief."

WHEREFORE, Plaintiffs, Russell Lorts, Jr., Cynthia K. Jencks, and Maria R. Sachs, request that this Court enter an order that John provide a true and correct accounting of all actions taken by John with respect to Decedent's finances, including, but not limited, to those

5

O3020952.v1

taken pursuant to the Durable Power of Attorney, along with an award of attorneys' fees and costs under the relevant statute, and granting such further and additional relief as this cause or justice may require.

Dated this 10th day of November, 2020.

/s/ David P. Hathaway
DAVID P. HATHAWAY
Florida Bar No. 491411
MATTHEW J. AHEARN
Florida Bar No. 121754
Dean, Mead, Egerton, Bloodworth,
    Capouano & Bozarth, P.A.
Post Office Box 2346
Orlando, Florida 32802-2346
Telephone: (407) 841-1200
Facsimile: (407) 423-1831
Primary E-Mails: dhathaway@deanmead.com
               mahearn@deanmead.com
Secondary E-Mails: smarshall@deanmead.com
               probate@deanmead.com

O3020952.v1

# EXHIBIT "A"

UNOFFICIAL DOCUMENT

Prepared by and return to:
R. Dewey Burnsed/jr
McLin & Burnsed PA
1028 Lake Sumter Landing
The Villages, FL 32162

File No.:



DAVID R. ELLSPERMANN, CLERK OF COURT  MARION COUNTY
DATE: 09/14/2004  08:27:56 AM
FILE #: 2004132114   OR BK 03819 PG 0342

RECORDING FEES 10.00

DEED DOC TAX  2,178.40

[Space Above This Line For Recording Data]

# Warranty Deed

This Warranty Deed made this 27th day of August, 2004 between **The Villages of Lake-Sumter , Inc., a Florida corporation**  whose post office address is 1020 Lake Sumter Landing, The Villages, FL 32162 grantor, and **Anna R. Lorts and Russell F. Lorts and John S. Lorts and Marla R. Sachs, as joint tenants with full rights of survivorship** whose post office address is 7112 SE 172nd Hazelwood Loop, The Villages, FL 32162 grantees:

(Whenever used herein the terms "grantor" and "grantee" include all the parties to this instrument and the heirs, legal representatives, and assigns of individuals, and the successors and assigns of corporations, trusts and trustees)

WITNESSETH, that said grantor, for and in consideration of the sum of TEN AND NO/100 DOLLARS ($10.00) and other good and valuable considerations to said grantor in hand paid by said grantee, the receipt whereof is hereby acknowledged, has granted, bargained, and sold to the said grantee, and grantee's heirs and assigns forever, the following described land, situate, lying and being in **Marion County Florida** to-wit:

> PARCEL ID #:  6753-044-000
>
> **Lot 44, Villages of Marion Unit No. 63, according to the plat thereof as recorded in Plat Book 7, Pages 77 through 80, Public Records of Marion County, Florida.**
>
> **Subject to easements, restrictions and reservations of record, if any, but this instrument shall not operate to reimpose the same.**
>
> **The initial monthly assessment to be paid by grantee for services to be performed by grantor is, pursuant to the terms of the applicable Declaration of Restrictions, hereby set at $115.00.**

TOGETHER with all the tenements, hereditaments and appurtenances thereto belonging or in anywise appertaining.

TO HAVE AND TO HOLD, the same in fee simple forever.

AND the grantor hereby covenants with said grantee that the grantor is lawfully seized of said land in fee simple; that the grantor has good right and lawful authority to sell and convey said land; that the grantor hereby fully warrants the title to said land and will defend the same against the lawful claims of all persons whomsoever; and that said land is free of all encumbrances, except special assessments not yet due and payable and taxes for the current year, easements, restrictions and reservations of record, if any, but this instrument shall not operate to reimpose the same.

IN WITNESS WHEREOF, grantor has caused this instrument to be executed the day and year first above written.

(Corporate Seal)

The Villages of Lake-Sumter, Inc.
a Florida corporation

By: _____
D. W. Mathews, Vice President

State of Florida
County of Sumter

The foregoing instrument was acknowledged before me this 16ᵗʰ day of August, 2004 by D. W. Mathews, Vice President of The Villages of Lake-Sumter , Inc., a Florida corporation , on behalf of the corporation.  He [X] is personally known to me or [_] has produced a driver's license as identification.

[Notary Seal]

_____
Notary Public

Printed Name:  **Laurie B. GeBaide**

My Commission Expires:  12-17-07

LAURIE B. GEBAIDE
MY COMMISSION # DD 275829
EXPIRES: December 17, 2007
Bonded Thru Notary Public Underwriters

# EXHIBIT "B"

*This Instrument Prepared by (& Return to):*

Frank A. Barbieri, Jr., Esq.
**SACHS SAX CAPLAN**
6111 Broken Sound Parkway NW
Suite 200
Boca Raton, FL 33487
Tel. (561) 994-4499
Fax  (561) 994-4985

*Property Appraiser's Parcel I.D. Number:*

**6763-044-0000**

*Grantee's Address:*

**7112 SE 172nd Hazelwood Loop
The Villages, FL 32162**

---

*This space reserved for recording data.*

## WARRANTY DEED

THIS INDENTURE, made this 15th day of ~~October~~ November, 2011 between:

ANNA R. LORTS, the unremarried widow of Russell F. Lorts, JOHN S. LORTS and MARIA R. SACHS, grantors,

and

ANNA R. LORTS, TRUSTEE OF THE ANNA R. LORTS TRUST UNDER AGREEMENT DATED ~~October~~ November 15th, 2011, grantee*, whose post office address is 7112 SE 172nd Hazelwood Loop, The Villages, FL 32162.

THE GRANTEE is hereby given full rights of ownership over the real property described below and the trustee alone, without being joined by any other person, shall have all powers pursuant to Florida Statute 689.071 including, but not limited to, the power and authority to protect, conserve, sell, lease, encumber or otherwise to manage and dispose of the real property described below.

WITNESSETH that said grantor, for and in consideration of the sum of Ten ($10.00) Dollars, and other good and valuable considerations to said grantor in hand paid by said grantees, the receipt whereof is hereby acknowledged, has granted, bargained and sold to the said grantees, and grantees' heirs and assigns forever, the following described land, situate, lying and being in **Marion** County, Florida, to-wit:

LOT 44, VILLAGES OF MARION UNIT NO. 63, ACCORDING TO THE PLAT THEREOF AS RECORDED IN PLAT BOOK 7, PAGES 77 THROUGH 80, OF THE PUBLIC RECORDS OF MARION COUNTY, FLORIDA.

John S. Lorts warrants that the real property described herein is not now nor ever has been his homestead and that his homestead is located at 392 Greenbrier Rd. Half Moon Bay CA. Maria R. Sachs warrants that the real property described herein is not now nor ever has been his homestead and that his homestead is located at 8185 Bridle Path, Boca Raton, FL 33496-1201.

Page 1

Note to Tax Collector / Property Appraiser: It is hereby certified that Anna R. Lorts is entitled to the use and occupancy as to an equitable life estate in above-described real property under the terms of above-described Anna R. Lorts Trust Agreement; therefore, having sufficient title to claim Homestead exemption in compliance with Rules of the State of Florida, Department of Revenue, Division of Ad Valorem Tax, Chapter 12D-7011 (AGO 94-55 and AGO 90-70).

Note to title examiner: This instrument prepared without the benefit of a title examination and title insurance is not being issued in conjunction with preparation of this instrument. Preparer hereby disclaims liability with regard to any and all title matters.

Subject to restrictions, reservations, covenants and easements of record which are not reimposed by this deed; taxes for the year 2011 and years subsequent thereto; and all applicable zoning ordinances; and grantor does hereby fully warrant the title to said land, and will defend the same against the lawful claims of all persons whomsoever.

IN WITNESS WHEREOF, grantor has hereunto set grantor's hand and seal the day and year first above written.

Signed, sealed and delivered in our presence:

Witness
Print Name: _Teresa Mayfield_

_Anna R. Lorts_

Witness
Print Name: _Mary L. Schloemer_

STATE OF FLORIDA
COUNTY OF MARION

The foregoing instrument was acknowledged before me this _15_ day of ~~October~~ *November*, 2011 by **Anna R. Lorts** who is personally known to me and who did take an oath.

Notary Public

TERESA MAYFIELD
MY COMMISSION # DD 833365
EXPIRES: December 29, 2012
Bonded Thru Notary Public Underwriters

Page 2

# EXHIBIT "C"

Prepared by:
John S Lorts
392 Greenbrier Road
Half Moon Bay, California  94019

After Recording Return to:
Anna R Lorts
7112 SE 172nd Hazelwood Loop
The Villages, Florida 32162

DAVID R ELLSPERMANN CLERK & COMPTROLLER MARION CO
DATE: 08/18/2015  09:28:39 AM
FILE #: 2015075644   OR BK 6259 PGS 1866-1867
REC FEES: $18.50 INDEX FEES: $0.00
DDS: $0.70 MDS: $0 INT: $0

SPACE ABOVE THIS LINE FOR RECORDER'S USE

## QUITCLAIM DEED

WITNESSETH, ON June 10, 2015 THE GRANTOR,     John S Lorts, a married man

For an in consideration of the sum of:  One Dollar ($1.00) and/or other good and valuable consideration to the below Grantee in hand paid by the Grantee, the receipt whereof is hereby acknowledged:

> Anna R Lorts, a single person, residing at 7112 SE 172nd Hazelwood Loop
> The Villages, Marion County, Florida 32162

Grantor does hereby remise, release, and quit-claim unto the grantee, the Grantee's heirs and assigns forever, all the rights, title, interest, claim of the Grantor in and to the following described land in the County of Matric, state of FLORIDA to wit:

> 7112 SE 172nd Hazelwood Loop
> The Villages, Florida 32162

Legal Description:     SEC 32 TWP 17, RGE 23 PLAT BOOK 007 PAGE 077 THRU 080
PUBLIC RECORDS OF MARION COUNTY FLORIDA,
VILLAGES OF MARIO – UNIT 63 – LOT 44

To have an to hold the same together with all and singular the appurtenances thereunto belonging or in anywise appertaining, and all the state, right, title, interest, lien, equity, and claim whatsoever for the Grantor, either in law or equity, to the only proper use, benefit and behoof of the Grantee forever.

Tax Parcel Number:  6763-044-000

Mail Tax Statements To:
Anna R Lorts
7112 SE 172nd Hazelwood Loop
The Villages, Florida  32162

**(SIGNATURE PAGE FOLLOWS)**

Grantor Signature:

DATED: _June 12_____, 2015

John S Lorts
392 Greenbrier Road
Half Moon Bay, CA 94019

In Witness Whereof,

_____          _____
Witness                          Witness

~~Douglas Shoaf~~ Dee SomerseT    ~~William Picht~~          Sarah Joslyn
~~3113 Winged Foot Road~~ 7325 SE 173rd  ~~396 Greenbrier Road~~   4219 Joslyn Ln
~~Half Moon Bay, CA 94019~~ ArLington Rd ~~Half Moon Bay, CA 94019~~  Lady Lake, FL 32159
                          The Villages
                          FL 32162

STATE OF FLORIDA, COUNTY OF MARION, ss:

The foregoing instrument was acknowledged before me this _12th_ day of _June_____, 2015 by
John S Lorts who is personally known to me or who has produced _____
as identification.

_____
Signature of person taking acknowledgement

_Joseph Baudo_____
Name types, printed, or stamped

JOSEPH BAUDO
MY COMMISSION # FF103435
EXPIRES: June 02, 2018

_____
Title or rank

_____
Serial number (if applicable)

# EXHIBIT "D"



# *DURABLE POWER OF ATTORNEY*

I, Anna Rosaria Lorts, residing at 7112 S.E. 172nd Hazelwood Loop, The Villages, Florida 32162, hereby appoint John S. Lorts of 392 Greenbrier Road, Half Moon Bay, California 94019, as my attorney-in-fact ("Agent") to exercise the powers and discretions described below.

If the Agent is unable to serve for any reason, I appoint Russell F. Lorts, of 35375 Via Cerro Vista, Temecula, California 92592, as my alternate or Successor Agent, as the case may be to serve with the same powers and discretions.

This Power of Attorney shall not be affected by my subsequent incapacity.

I hereby revoke any and all general powers of attorney and special powers of attorney that previously have been signed by me.

My Agent shall have full power and authority to act on my behalf. This power and authority shall authorize my Agent to manage and conduct all of my affairs and to exercise all of my legal rights and powers, including all rights and powers that I may acquire in the future. My Agent's powers shall include, but not be limited to, the power to:

    1. Open, maintain or close bank accounts (including, but not limited to, checking accounts, savings accounts, and certificates of deposit), brokerage accounts, retirement plan accounts, and other similar accounts with financial institutions.

        a. Conduct any business with any banking or financial institution with respect to any of my accounts, including, but not limited to, making deposits and withdrawals, negotiating or endorsing any checks or other instruments with respect to any such accounts, obtaining bank statements, passbooks, drafts, money orders, warrants, and certificates or vouchers payable to me by any person, firm, corporation or political entity.

        b. Add, delete or change beneficiaries to any financial accounts I own including insurance policies, annuities, retirement accounts, payable on death savings or checking accounts or other investments.

Anna Rosaria Lorts initials:  _____

        c. Perform any act necessary to deposit, negotiate, sell or transfer any note, security, or draft of the United States of America, including U.S. Treasury Securities.

        d. Waive my right to be a beneficiary of a joint and survivor annuity, including a survivor benefit under a retirement plan.

Anna Rosaria Lorts initials: _____

e. Have access to any safe deposit box that I might own, including its contents.

2. Create or change rights of survivorship.

Anna Rosaria Lorts initials: _____

3. Provide for the support and protection of myself, my spouse, or of any minor child I have a duty to support or have established a pattern of prior support, including, without limitation, provision for food, lodging, housing, medical services, recreation and travel;

4. Sell, exchange, buy, invest, or reinvest any assets or property owned by me. Such assets or property may include income producing or non-income producing assets and property.

5. Purchase and/or maintain insurance and annuity contracts, including life insurance upon my life or the life of any other appropriate person.

6. Take any and all legal steps necessary to collect any amount or debt owed to me, or to settle any claim, whether made against me or asserted on my behalf against any other person or entity.

7. Enter into binding contracts on my behalf.

8. Exercise all stock rights on my behalf as my proxy, including all rights with respect to stocks, bonds, debentures, commodities, options or other investments.

9. Maintain and/or operate any business that I may own.

10. Employ professional and business assistance as may be appropriate, including attorneys, accountants, and real estate agents.

11. Sell, convey, lease, mortgage, manage, insure, improve, repair, or perform any other act with respect to any of my property (now owned or later acquired) including, but not limited to, real estate and real estate rights (including the right to remove tenants and to recover possession). This includes the right to sell or encumber any homestead that I now own or may own in the future

12. Prepare, sign, and file documents with any governmental body or agency, including, but not limited to, authorization to:

a. Prepare, sign and file income and other tax returns with federal, state, local, and other governmental bodies.

b. Obtain information or documents from any government or its agencies, and represent me in all tax matters, including the authority to negotiate, compromise, or settle any matter with such government or agency.

c. Prepare applications, provide information, and perform any other act reasonably requested by any government or its agencies in connection with governmental benefits (including medical, military and social security benefits), and to appoint anyone, including my Agent, to act as my "Representative Payee" for the purpose of receiving Social Security benefits.

13. Make gifts from my assets to members of my family and to such other persons or charitable organizations with whom I have an established pattern of giving (or if it is appropriate to make such gifts for estate planning and/or tax purposes), to file state and federal gift tax returns, and to file a tax election to split gifts with my spouse, if any. No Agent acting under this instrument, except as specifically authorized in this instrument, shall have the power or authority to (a) gift, appoint, assign or designate any of my assets, interests or rights, directly or indirectly, to such Agent, such Agent's estate, such Agent's creditors, or the creditors of such Agent's estate, (b) exercise any powers of appointment I may hold in favor of such Agent, such Agent's estate, such Agent's creditors, or the creditors of such Agent's estate, or (c) use any of my assets to discharge any of such Agent's legal obligations, including any obligations of support which such Agent may owe to others, *excluding* those whom I am legally obligated to support. For the purposes of making gifts to individuals under this provision, I appoint Russell F. Lorts, of 35375 Via Cerro Vista, Temecula, California 92592, as my "Gift Agent." Provided that they are not the same person, my Agent is authorized to make gifts, as appropriate, to my Gift Agent, and my Gift Agent is authorized to make gifts, as appropriate, to my Agent. Any gifts made to or for the benefit of my Agent or Gift Agent shall be limited to gifts that qualify for the federal gift tax annual exclusion, shall not exceed in value the federal gift tax annual exclusion amount in any one calendar year, and this annual right shall be non-cumulative and shall lapse at the end of each calendar year. If my Agent makes gifts to minors, such gifts may be made directly to the minor, to a parent, guardian or next friend of the minor, or under the Uniform Gifts to Minors Act or the Uniform Transfers To Minors Act.

Anna Rosaria Lorts initials: _____

14. To transfer any of my assets to the trustee of any revocable trust created by me, if such trust is in existence at the time of such transfer.

15. To create, sign, modify or revoke any trust agreements or other trust documents in an attempt to manage or create a trust that was created for my benefit or the benefit of my dependents, heirs or devisees. This shall include the creation, modification or revocation of any inter vivos, family living, irrevocable or revocable trusts.

Anna Rosaria Lorts initials: _____

16. Subject to other provisions of this document, my Agent may disclaim any interest, which might otherwise be transferred or distributed to me from any other person, estate, trust, or other entity, as may be appropriate, including any power of appointment. However, my Agent may not disclaim assets to which I would be entitled, if the result is that the

disclaimed assets pass directly or indirectly to my Agent or my Agent's estate. Provided that they are not the same person, my Agent may disclaim assets which pass to my Gift Agent, and my Gift Agent may disclaim assets which pass to my Agent.

Anna Rosaria Lorts initials: _____

17. Have access to my healthcare and medical records and statements regarding billing, insurance and payments.

18. Act on my behalf for the purposes of managing, distributing, and terminating my digital assets. For the purposes of this Power of Attorney, digital assets shall mean electronic assets that are stored on my computers, electronic devices, or on any online account, as identified in the Digital Assets Memorandum of this Power of Attorney. Online accounts include, but are not limited to, social-networking sites, online backup services, servers, email accounts, photo and document sharing sites, financial and business accounts, domain names, virtual property, websites, and blogs. The Digital Assets Memorandum, with associated websites, usernames, passwords, and related information, is hereby incorporated by reference into this Power of Attorney and shall be distributed to my Agent designated in this Power of Attorney. My Agent shall have the power and authority to manage, conduct, and to exercise all of my legal rights and powers relating to my digital assets, including all rights and powers that I may acquire in the future. My Agent's powers shall include, but not be limited to, the power to access, download, and backup digital assets, convert my file formats, access any and all devices necessary to manage digital assets, and clear computer caches and delete files.

This Power of Attorney shall be construed broadly as a General Power of Attorney. The listing of specific powers is not intended to limit or restrict the general powers granted in this Power of Attorney in any manner.

Any power or authority granted to my Agent under this document shall be limited to the extent necessary to prevent this Power of Attorney from causing, (i) my income to be taxable to my Agent, (ii) my assets to be subject to a general power of appointment by my Agent, or (iii) my Agent to have any incidents of ownership with respect to any life insurance policies that I may own on the life of my Agent.

My Agent shall not be liable for any loss that results from a judgment error that was made in good faith. However, my Agent shall be liable for willful misconduct or the failure to act in good faith while acting under the authority of this Power of Attorney. A Successor Agent shall not be liable for acts of a prior Agent.

No person who relies in good faith on the authority of my Agent under this instrument shall incur any liability to me, my estate or my personal representative. I authorize my Agent to indemnify and hold harmless any third party who accepts and acts under this document.

If any part of any provision of this instrument shall be invalid or unenforceable under applicable law, such part shall be ineffective to the extent of such invalidity only, without in any way affecting the remaining parts of such provision or the remaining provisions of this instrument.

My Agent shall be entitled to reasonable compensation for any services provided as my Agent. My Agent shall be entitled to reimbursement of all reasonable expenses incurred as a result of carrying out any provision of this Power of Attorney.

My Agent shall provide an accounting for all funds handled and all acts performed as my Agent as required under state law or upon my request or the request of any authorized personal representative, fiduciary or court of record acting on my behalf.

This Power of Attorney shall become effective immediately, and is not terminated by my subsequent incapacity except as provided in chapter 709, Florida Statutes. This is a Durable Power of Attorney. This Power of Attorney shall continue to be effective until January 01, 2025. This Power of Attorney may be revoked by me at any time by providing written notice to my Agent.

**[SIGNATURE PAGE FOLLOWS]**

Dated _10_/_1_____, _2016_, at The Villages, Florida.


x _Anna Rosaria Lorts_
Anna Rosaria Lorts


The foregoing power of attorney was, on the date written above, published and declared by Anna Rosaria Lorts in our presence to be his/her power of attorney. We, in his/her presence and at his/her request, and in the presence of each other, have attested to the same and have signed our names as attesting witnesses.

Witness Signature: x _Michele Dawn Schneebeli_
Name: _Michele Dawn Schneebeli_
City: _Lady Lake_
State: _Fl_


Witness Signature: _Carolyn Sue Bell_
Name: _Carolyn Sue Bell_
City: _9645 Se Hwy 42 Summerfield Fl_
State: _351-504-8099_    _34491_

UNOFFICIAL DOCUMENT

WITNESS ATTESTATION

The foregoing power of attorney was, on the date written above, published and declared by Anna Rosaria Lorts in our presence to be his/her power of attorney. We, in his/her presence and at his/her request, and in the presence of each other, have attested to the same and have signed our names as attesting witnesses.

*Michele D. Schneebeli*
Name: _Michele D. Schneebeli_
Address: _797 TEAGUE TRAIL APT 13205_
City, State, ZIP Code: _LADY LAKE_ . _FL_ _32159_
Telephone: _(352) 321-6551_

*Carolyn Sue Bell*
Name: _Carolyn Sue Bell_
Address: _9645 SE Hwy 42_
City, State, ZIP Code: _Summerfield, Fl_ _34491_
Telephone: _352-504-8099_

UNOFFICIAL DOCUMENT

STATE OF FLORIDA,
COUNTY OF MARION, ss:

The foregoing instrument was acknowledged before me this __1st__ day of
__OCTOBER__ , __2016__ by Anna Rosaria Lorts, who is personally known to me or who
has produced _____ as identification.



_____
Signature of person taking acknowledgment

_____
Name typed, printed, or stamped

JOSEPH BAUDO
MY COMMISSION # FF103435
EXPIRES: June 02, 2018

**Notice to Person Accepting the Appointment as Attorney-in-Fact:**

By acting or agreeing to act as the Agent (attorney-in-fact) under this Power of Attorney, you assume the fiduciary and other legal responsibilities of an Agent. These responsibilities include:

1.      The legal duty to: act solely in the interest of the principal; act loyally, with care, competence, and diligence; and avoid conflicts of interest.

2.      The legal duty to keep a record of all transactions made on behalf of the principal, including the responsibility to produce receipts, ledgers and other records of all deposits, disbursements or other transactions involving the principal's assets or indebtedness.

3.      To cooperate with the principal's Agent for health care decisions, should the principal appoint such an Agent, in making decisions in accordance with the principal's desires or in the best interest of the principal if the principal's wishes are not known.

4.      The legal duty to preserve the principal's estate plan, if one exists, and the principal's desires for such plan to be preserved.

5.      The legal duty to keep the principal's property separate and distinct from any other property owned or controlled by you.

6.      The legal duty to terminate actions as Agent (Attorney-in-Fact) under this Power of Attorney upon the occurrence of any of the following:

a.      Principal's death;
b.      Revocation of the Power of Attorney of principal;
c.      The arrival of any date stated in the Power of Attorney, which states the termination of the Power of Attorney, if any; or
d.      No additional action is required under the Power of Attorney.

7.      If you are the spouse of the principal, the Power of Attorney terminates upon legal separation or dissolution of the marriage.

8.      You may be held responsible and liable for any intentional actions which violate or abuse your authority under this Power of Attorney as provided by the state and federal laws governing this Power of Attorney.

9.      You have the right to seek legal advice if you do not understand your duties as Agent or any provisions in the Power of Attorney.

You may not transfer the principal's property to yourself without full and adequate consideration or accept a gift of the principal's property unless this Power of Attorney specifically authorizes you to transfer property to yourself or accept a gift of the principal's property. If you transfer the principal's property to yourself without specific authorization in the Power of Attorney, you may be prosecuted for fraud and/or embezzlement. If the principal is 65 years of age or older at the

time that the property is transferred to you without authority, you may also be prosecuted for elder abuse. In addition to criminal prosecution, you may be sued in civil court.

I have read the foregoing notice and I understand the legal and fiduciary duties that I assume by acting or agreeing to act as the Agent (attorney-in-fact) under the terms of this Power of Attorney.

Date:   10/1/16

Signed:

_____
John S. Lorts

UNOFFICIAL DOCUMENT

# EXHIBIT "E"

**Prepared By:**

Anna Rosaria Lorts

7112 SE 172nd Hazelwood Loop

The Villages, FL  32162

**After Recording Return To:**

John S Lorts

392 Greenbrier Road

Half Moon Bay, California 94019

DAVID R ELLSPERMANN CLERK & COMPTROLLER MARION CO

DATE: 04/15/2019  03:25:20 PM

FILE #: 2019037371   OR BK 6948 PGS 580-581

REC FEES: $18.50 INDEX FEES: $0.00

DDS: $0.70 MDS: $0 INT: $0

SPACE ABOVE THIS LINE FOR RECORDER'S USE

## QUITCLAIM DEED

WITNESSETH, on March _12_, 2019 THE GRANTOR(S),

- Anna Rosaria Lorts, a single person,

for and in consideration of the sum of: One Dollar ($1.00) and/or other good and valuable consideration to the below Grantee(s) in hand paid by the Grantee(s), the receipt whereof is hereby acknowledged:

- John Stephen Lorts, a married man, residing at 392 Greenbrier Road, Half Moon Bay, CA 94019

Grantor does hereby remise, release, and quit-claim unto the Grantee, the Grantee's heirs and assigns forever, all the rights, title, interest, claim of the Grantor in and to the following described land in the County of Marion, state of FLORIDA to wit:

7112 SE 172nd Hazelwood Loop The Villages, Florida  32162

Legal Description: SEC 32 TWP 17 RGE 23 PLAT BOOK 007 PAGE 077 thru 080, PUBLIC RECORDS OF MARION COUNTY, FLORIDA VILLAGES OF MARION - UNIT 63 - LOT 44

To have and to hold the same together with all and singular the appurtenances thereunto belonging or in anywise appertaining, and all the estate, right, title, interest, lien, equity, and claim whatsoever for the Grantor, either in law or equity, to the only proper use, benefit and behoof the Grantee forever .

Tax Parcel Number: 6763-044-000 Mail

Tax Statements To:

John Stephen Lorts

392 Greenbrier Road

Half Moon Bay, CA 94019

**[SIGNATURE PAGE FOLLOWS]**

**Grantor Signatures:**

DATED: March _12_, 2019

Anna Rosaria Lorts
7112 SE 172ⁿᵈ Hazelwood Loop
The Villlages, FL 32162

**In Witness Whereof,**

Witness                                              Witness

Printed Name and Address:                Printed Name and Address:

Philippe Tasse                              Shaun O'Want

7116 SE 172ⁿ Hazelwood          1007 McCormick Street
The Villages                              Leesburg, Fl 34748
FL 32162

STATE OF FLORIDA
MARION COUNTY

On _12th March 2019_ before me _Joseph Baudo_____, personally
appeared Anna Rosaria Lorts, who proved to me on the basis of satisfactory evidence to be
the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to
me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by
his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which
the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of Florida that the
foregoing paragraph is true and correct.

WITNESS my hand and official seal.

_____(Notary Seal) Signature of Notary Public

JOSEPH A. BAUDO
Commission # GG 225330
Expires June 6, 2022
Bonded Thru Budget Notary Services