UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**RUSSELL LORTS, JR., CYNTHIA K JENCKS and MARIA R SACHS,**

    **Plaintiffs,**

v.                                                           Case No: 5:21-cv-19-JSM-PRL

**JOHN STEPHEN LORTS and COLLEEN LORTS,**

    **Defendants.**

_____

### REPORT AND RECOMMENDATION[1]

Plaintiffs initially filed this action in state court and the defendants subsequently removed it to this Court. Now, Defendants John and Colleen Lorts have moved to dismiss the complaint for a failure to perfect service and failure to state a claim. (Docs. 5, 6). For the reasons discussed below, service of process as to both defendants is due to be quashed.

    **I.**     **BACKGROUND**

Plaintiffs' attempts at service began after November 18, 2020, when John Lorts contacted Plaintiffs' firm to request that service be delivered to his home. (Doc. 16-1 at 2). On November 20, 2020, John spoke with the firm's administrative assistant and stated that he would be present at his California home "today" and then traveling to Utah the next day. (Doc. 16-2). Plaintiffs hired a process server who attempted personal service that day at John's

---

[1] Within 14 days after being served with a copy of the recommended disposition, a party may file written objections to the Report and Recommendation's factual findings and legal conclusions. *See* Fed. R. Civ. P. 72(b)(3); Fed. R. Crim. P. 59(b)(2); 28 U.S.C. § 636(b)(1)(B). A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

California address; Defendants did not answer, so the process server called John at his cell and home phone numbers and left a voicemail message. (Doc. 16-2). Later that day, John contacted Plaintiffs' firm again and left a voicemail message stating that he had given "some incorrect information": now, he was planning to leave his California home on Tuesday, visit southern California, and then go to Utah. (Doc. 16-6 at 2). Plaintiffs then attempted service at Defendants' Utah residence through the Iron County Sherriff's Office. (Doc. 16-7 at 2). Attempts were made on November 25, 2020 and on December 1, 2020, but they were both unsuccessful. (*Id.*). When the sheriff's office returned service, it noted that Brian Head Marshal Cowan, "who knows of" the Defendants, believed they left Utah two weeks prior. (*Id.*). At that point, Plaintiffs resorted to substituted service via the Florida Secretary of State. (Doc. 16-3 at 2-3). Plaintiffs then sent the complaint and summons to Defendants' California and Utah addresses via certified mail. (Doc. 16-3 at 26). Colleen accepted and signed the return receipt for certified mail at Defendants' California address. (*Id.*).

**II.   DISCUSSION**

Plaintiffs have the burden of showing that service of process was properly effected on the defendants. *Pierre v. Little New Orleans 1 Kitchen & Oyster Bar, L.L.C.*, No. 615CV709ORL40DAB, 2016 WL 721925, at *2 (M.D. Fla. Feb. 24, 2016). "Service of process is a jurisdictional requirement: a court lacks jurisdiction over the person of a defendant when that defendant has not been served." *Pardazi v. Cullman Med. Ctr.*, 896 F.2d 1313, 1317 (11th Cir. 1990). Indeed, a party may seek dismissal under Rule 12 for insufficient service of process. *Callaway v. Kittler*, No. 6:13-CV-1561-ORL-22, 2013 WL 6065759, at *1 (M.D. Fla. Nov. 18, 2013) (citing Fed. R. Civ. P. 12(b)(5)). "[T]he Court has broad discretion to dismiss the action or to quash service but retain the case when service of process is insufficient.

*Callaway*, 2013 WL 6065759, at *1. Importantly, in actions removed from state court, such as this one, "the sufficiency of service of process prior to removal is determined by the law of the state from which the action was removed." *Id.*; *Daniel v. Concord Advice, LLC.*, No. 819CV02978T02SPF, 2020 WL 1677296, at *2 (M.D. Fla. Apr. 6, 2020). Once a case has been removed to federal court, federal law governs any subsequent attempts at service of process. *Harris v. Bergen*, No. 619CV1420ORL37DCI, 2019 WL 6684072, at *3 (M.D. Fla. Nov. 19, 2019), *report and recommendation adopted*, No. 619CV1420ORL37DCI, 2019 WL 6683139 (M.D. Fla. Dec. 6, 2019).

 Here, because plaintiffs attempted to serve process prior to the case being removed to federal court, Florida law applies. Section 48.161 provides the method of effecting substituted service on a nonresident or a person who conceals his or her whereabouts. Fla. Stat. § 48.161 ("Method of substituted service on nonresident"). Sections 48.171 and 48.181 provide the circumstances in which substituted service is permitted. *See e.g.* Fla. Stat. § 48.171 ("Service on nonresident motor vehicle owners, etc."); Fla. Stat § 48.181 ("Service on nonresident engaging on business in state"). These statutory provisions require strict compliance. *EHR Aviation, Inc. v. Lawson*, No. 3:09-CV-210-J-32TEM, 2011 WL 46119, at *1 (M.D. Fla. Jan. 6, 2011).

 Plaintiffs have not specified the pertinent statute that would justify the applicability of substitute service. Although Plaintiffs allege that the defendants are nonresidents, they do not allege that the defendants were doing business or engaged in a business venture in Florida, as required by § 48.181, or were operators or owners of any motor vehicle who accepted the privilege extended by the laws of the state of Florida, as required by § 48.171. *See Provident Bank v. Nascarella*, No. 8:16-CV-3052-T-17TBM, 2017 WL 9939578, at *3 (M.D. Fla. Dec. 4,

2017), *report and recommendation adopted*, No. 8:16-CV-3052-T-17TBM, 2018 WL 3650042 (M.D. Fla. Jan. 4, 2018) (determining that service was not proper where the plaintiff did not allege the circumstances in which substituted service was invoked).

The fact the defendants had actual notice of this action does not excuse Plaintiffs from compliance with § 48.161. *See Burris v. Green,* No. 3:12CV521/MCR/CJK, 2015 WL 3466117, at *4 (N.D. Fla. June 1, 2015) (citing *Woodworth v. Smith,* 773 So.2d 1170 (Fla. 2d DCA 2000) (reversing the trial court's denial of motion to quash service despite a finding that defendant had actual notice of the action); *Albra v. Advan, Inc.,* 490 F.3d 826, 829 (11th Cir. 2007) ("A defendant's actual notice is not sufficient to cure defectively executed service.")). While the failure to comply with statutory requirements may be excused where the record shows that the defendants are deliberately refusing to accept delivery, the Court cannot make such a determination here. *Woodworth,* 773 So.2d at 1170.

Accordingly, service is due to be quashed because Plaintiffs did not strictly comply with the statutes. However, the Court notes that Plaintiffs have made a good faith effort to serve the defendants and should be granted leave to cure the defects in their service of process.

### III. RECOMMENDATION

For the reasons discussed above, it is respectfully recommended that service of process as to both defendants be quashed.

Recommended in Ocala, Florida on June 23, 2021.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy